**EXHIBIT 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID L. de CSEPEL, *et al.*,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**REPUBLIC OF HUNGARY, *et al.*,**<br><br>**Defendants.** | **No. 1:10-cv-01261(ESH)** |

**DECLARATION OF ERIC RAMIREZ**

Eric Ramirez states as follows:

1. I am over the age of eighteen and am otherwise competent to make this Declaration. I make this Declaration based on my personal knowledge and in support of the Motion to Dismiss by the Republic of Hungary, The Hungarian National Gallery, The Museum of Fine Arts, The Museum of Applied Arts, and The Budapest University of Technology and Economics (collectively "Hungary").

2. I am a paralegal at Nixon Peabody LLP, based out of the Washington, D.C. office.

3. As a part of my current duties and responsibilities at Nixon Peabody LLP, I have been tasked with collecting certain documents of the Foreign Claims Settlement Commission from the United States Department of Justice ("Department of Justice").

4. The following attached exhibits are true and correct copies of documents I received from the Department of Justice in response to requests for certain documents regarding claims brought

before the Foreign Claims Settlement Commission by Ms. Martha Nierenberg and Ms. Elizabeth Weiss de Csepel:

- Exhibit A: Proposed Decision of the Foreign Claims Settlement Commission, Ms. Martha Nierenberg, (Claim No. HUNG-21,435, Decision No. HUNG-1469) dated October 6, 1958;
- Exhibit B: Final Decision of the Foreign Claims Settlement Commission, Ms. Martha Nierenberg, (Claim No. HUNG-21,435, Decision No. HUNG-1469) dated December 1, 1958;
- Exhibit C: Proposed Decision of the Foreign Claims Settlement Commission, Ms. Elizabeth Weiss de Csepel, (Claim No. HUNG-21,587, Decision No. HUNG-2079) dated April 13, 1959;
- Exhibit D: Final Decision of the Foreign Claims Settlement Commission, Ms. Elizabeth Weiss de Csepel, (Claim No. HUNG-21,587, Decision No. HUNG-2079) dated July 7, 1959;
- Exhibit E: Amended Final Decision of the Foreign Claims Settlement Commission, Ms. Elizabeth Weiss de Csepel, (Claim No. HUNG-21,587, Decision No. HUNG-2079) dated July 31, 1959;

5. Attached hereto as Exhibit F, is a true and correct copy of a Notice of Objection to Notice of Related Action, dated November 15, 2010, filed in *In Re Hungarian Holocaust Litigation*, MDL No. 2207, which I retrieved from the Public Access to Court Electronic Records ("Pacer") system.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C. on the 15th day of February, 2011.

Eric Ramirez

FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
WASHINGTON 25, D. C.

EXHIBIT A

IN THE MATTER OF THE CLAIM OF

MARTHA NIERENBERG
8 Pinetree Drive
Great Neck, L. I.
New York

Claim No. HUNG-21,435

Decision No. HUNG-1469

Under the International Claims Settlement Act of 1949, as amended

GPO 16—72126-1

Counsel for Claimant:

Regosin and Edwards
70 Pine Street
New York 5, New York

## PROPOSED DECISION

This is a claim against the Government of Hungary under Section 303(2) of the International Claims Settlement Act of 1949, as amended, for $154,750.00 by MRS. MARTHA NIERENBERG, a national of the United States since her naturalization in the United States on November 26, 1951 for nationalization of property in Hungary.

The Commission finds that the claimant owned a one-twelfth interest in each of the real property known as 10 and 12 Szent Istvan Boulevard, recorded in libers 1090 and 1080 as lots 25,105 and 25,097, of Budapest V, Hungary, and, that claimant also was the sole owner of the property known as 71 Attila Street, recorded in liber 427/I as lot 6776/9, of Budapest I, Hungary, which were nationalized without compensation by the Government of Hungary pursuant to Law-Decree 1952:4 tvr. of February 17, 1952 (Magyar Kozlony No. 18). The Commission further finds that the value of claimant's one-twelfth interests in the property 10 and 12 Szent Istvan Boulevard and the value of the property 71 Attila Street amounted to the total of Eighty-five Thousand Dollars ($85,000.00) and concludes that claimant is entitled to an award in such amount under Section 303(2) of the Act.

4-14

TD

9/26

EXHIBIT A

The record fails to establish that claimant owned any ownership interest in the real property known as 8-12 Revesz Street, Budapest, Hungary, at the time of its nationalization by the Government of Hungary in the year of 1952. The burden of establishing a claim before the Commission rests with the claimant. It is concluded that the claimant had not met the burden with respect to the real property 8-12 Revesz Street. Accordingly, portion of the claim based on alleged ownership interest in 8-12, Revesz Street, Budapest, Hungary, must, therefore, be denied.

## A W A R D

Pursuant to the provisions of the International Claims Settlement Act of 1949, as amended, this claim is allowed in part and an award is hereby made to MRS. MARTHA NIERENBERG in the amount of Eighty-five Thousand Dollars ($85.000.00) plus interest thereon at the rate of 6% per annum from February 17, 1952 to August 9, 1955, the effective date of the Act, in the amount of Seventeen Thousand Seven Hundred Fifty Dollars and Fifty-five Cents ($17,750.55).

Payment of any part of this award shall not be construed to have divested the claimant herein, or the Government of the United States on her behalf of any rights against the Government of Hungary, for the unpaid balance of the claim, if any.

Dated at Washington, D. C.

OCT 6 1958

FOR THE COMMISSION:

Donald G. Benn

Donald G. Benn, Director
Balkan Claims Division

A.N.B. USA. MJS

FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
WASHINGTON 25, D. C.

**EXHIBIT B**

IN THE MATTER OF THE CLAIM OF

MARTHA NIERENBERG
8 Pinetree Drive
Great Neck, Long Island
New York

Claim No. HUNG-21,435

Decision No. HUNG-1469

Against the Government of Hungary
Under the International Claims Settlement Act of 1949, as amended

GPO 16—72126-1

Counsel for Claimant:

Regosin and Edwards
70 Pine Street
New York 5, New York

FINAL DECISION

The Commission issued its Proposed Decision on this claim on October 6, 1958 , a copy of which was duly served upon the claimant(X). No objections or request for a hearing having been filed within twenty days after such service and general notice of the Proposed Decision having been given by posting for thirty days, it is

ORDERED that such Proposed Decision be and the same is hereby entered as the Final Decision on the claim, and it is further

ORDERED that the award granted therein be certified to the Secretary of the Treasury.

Whitney Gillilland

Dated at Washington, D. C.

DEC 1 1958

Pearl Pace

Robert L. Kunzig

COMMISSIONERS

A. K. Z.
U S A.
TD

FD-2

EXHIBIT C

FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
WASHINGTON 25, D. C.

IN THE MATTER OF THE CLAIM OF

ELIZABETH WEISS de CSEPEL
55 East 86 Street
New York, New York

Under the International Claims Settlement Act of 1949, as amended

Claim No. HUNG-21,587

Decision No. HUNG-2179

GPO 942528

Counsel for Claimant:

REGOSIN & EDWARDS
70 Pine Street
New York 5, New York

PROPOSED DECISION

This is a claim for $553,715.00 plus interest against the Government of Hungary under Section 303(2) of the International Claims Settlement Act of 1949, as amended, by ELIZABETH WEISS de CSEPEL, a national of the United States since her naturalization on June 23, 1952, based upon the nationalization of real property and of works of art in Hungary.

The Commission finds that the claimant owned the following real property in Budapest, Hungary, which was confiscated without compensation by the Government of Hungary on May 19, 1954:

One-half interest in 441.80 square ol. of land at 38 Kelenhegyi Street

One-half interest in 1,346.80 square ol. of land at 5 Somloi Street (including lot behind 7 Somloi Street)

838.8 square ol of land at 12 Rezeda Street

One-third of fifty-five per cent interest in 753.5 square ol of land at 18 Bocskai Street

One-half of 6 hold, 40.4 square ol of land at 2/16 Brody Zsigmond Street

H-2
H-14
R-9

4|1

The Commission further finds that the value of claimant's interest in the real property taken was Seventy-one Thousand Five Hundred Dollars($71,500.00) and concludes that claimant is entitled to an award under Section 303(2) of the Act.

The Commission also finds that the claimant owned the following works of art which were taken without compensation by the Government of Hungary on May 12, 1954:

Bruyn, Sr. - Man's Portrait
El Greco - Holy Family
Mazo (Pupil of Velazquez) - Portrait of Don Balthasar Carlos
Courbet - Snow Landscape at the Lake of Neuchatel
Follower of Van Dyck - Portrait of Princess Margaret of Lorraine
Munkacsy - Afternoon Visit
Munkacsy - Artist's Workshop

and a one-third interest in:

Licinio - Woman's Portrait
Follower of Francesco Pesellino - Mary with Her Child and with St. Catherine of Alexandria, the Small St. John Baptist and Five Angels

Vivarini - Mary with Her Child and with St. John Baptist and St. Jerome
Monet - Seashore with Boats at Etretat
Ribot - Still Life

The Commission further finds that the value of claimant's interest in the works of art taken was Two Hundred Ten Thousand Dollars ($210,000.00) and concludes that she is entitled to an award under Section 303(2) of the Act.

The portions of the claim based upon other real property and other works of art are denied for the reason that it has not been established that they were nationalized, compulsorily liquidated or otherwise taken between June 23, 1952, the date claimant became a national of the United States, and August 9, 1955, the date set forth in the statute before which a taking must have occurred in order to give rise to a compensable claim under Section 303(2). A loss of claimant's property before acquisition of United States nationality would not give rise to a compensable claim under Section 303(2) of the Act, in view of the Commission's consistent holding

 EXHIBIT C

that among the requirements for such compensability is ownership of the property at the time of loss by a national or nationals of the United States. The Commission deems it unnecessary to make determinations with respect to other elements of the portions of the claim denied.

## A W A R D

Pursuant to the provisions of the International Claims Settlement Act of 1949, as amended, this claim is allowed in part and an award is hereby made to ELIZABETH WEISS de CSEPEL in the amount of Two Hundred Eighty-one Thousand Five Hundred Dollars ($281,500.00) plus interest at the rate of 6% per annum on Seventy-one Thousand Five Hundred Dollars ($71,500.00) from May 19, 1954 and on the remainder from May 12, 1954 to August 9, 1955, the effective date of the Act, in the total interest amount of Twenty Thousand Eight Hundred Forty-five Dollars and Thirty-eight Cents ($20,845.38).

Payment of any part of this award shall not be construed to have divested the claimant herein, or the Government of the United States on her behalf, of any rights against the Government of Hungary for the unpaid balance of the claim, if any.

Dated at Washington, D. C.

APR 13 1959

FOR THE COMMISSION:

William Barrett

William Barrett, Acting Director
Balkan Claims Division

EXHIBIT D

FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
WASHINGTON 25, D. C.

IN THE MATTER OF THE CLAIM OF

ELIZABETH WEISS de CSEPEL
55 East 86 Street
New York, New York

Claim No. HUNG-21,587

Decision No. HUNG-2079

Against the Government of Hungary
Under the International Claims Settlement
Act of 1949, as amended

GPO 16—72136-1

Counsel for Claimant:

REGOSIN & EDWARDS
70 Pine Street
New York 5, New York

FINAL DECISION

The Commission issued its Proposed Decision in this claim on April 13, 1959, a copy of which was duly served upon the claimant.

Upon consideration of the objections filed by the claimant to the Proposed Decision, and evidence subsequently submitted, the Commission now finds that in addition to the claimant's one-half interest in 441.80 square ol of land at 38 Kelenhegyi Street, Budapest, the claimant owned a one-half interest in 2 hold 286.10 square ol of land and structures thereon at the same address; that the claimant also owned a building at 4 Nandor Street, Budapest; that all of the above-described property was taken without compensation by the Government of Hungary on May 19, 1954; and that the total value of the claimant's interest in the real property taken by the Government of Hungary, as described above and in the Proposed Decision, was One Hundred One Thousand Five Hundred Dollars ($101,500.00). It is concluded that the claimant is entitled to compensation under Section 303(2) of the International Claims Settlement Act of 1949, as amended, for such loss, and it is

ORDERED that the Proposed Decision be amended in accordance with the above, and that, as amended, it be and hereby is entered as the

H-2, H-14, R-9

 EXHIBIT D



Final Decision on this claim, the award being restated as follows:

AWARD

Pursuant to the provisions of the International Claims Settlement Act of 1949, as amended, this claim is allowed in part, and an award is made to ELIZABETH WEISS de CSEPEL in the amount of Three Hundred Eleven Thousand Five Hundred Dollars ($311,500.00) plus interest at the rate of 6% per annum on One Hundred One Thousand Five Hundred Dollars ($101,500.00) from May 19, 1954, and on the remainder from May 12, 1954, to August 9, 1955, the effective date of the Act, in the total interest amount of Twenty-three Thousand Fifty Dollars and Thirty-eight Cents ($23,050.38).

Payment of any part of this award shall not be construed to have divested the claimant herein, or the Government of the United States on her behalf, of any rights against the Government of Hungary for the unpaid balance of the claim, if any; and it is further

ORDERED that the award granted herein be certified to the Secretary of the Treasury.

Dated at Washington, D. C.

JUL 7 1959

Whitney Gilliland

Pearl Pace

Robert L. Kunzig

COMMISSIONERS

EXHIBIT E

FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
WASHINGTON 25, D. C.

IN THE MATTER OF THE CLAIM OF

ELIZABETH WEISS de CSEPEL
55 East 86 Street
New York, New York

Against the Government of Hungary
Under the International Claims Settlement
Act of 1949, as amended

Claim No. HUNG-21,587

Decision No. HUNG-2079

GPO 16—72126-1

Counsel for Claimant:

Ragosin & Edwards
70 Pine Street
New York 5, New York

AMENDED FINAL DECISION

By Proposed Decision issued April 13, 1959 and Final Decision issued July 7, 1959, this claim was allowed in part and an award was made to ELIZABETH WEISS de CSEPEL in the amount of $311,500.00 based upon taking of various properties from her by the Government of Hungary.

Upon consideration of additional evidence subsequently submitted, and due cause appearing, the Commission now finds as follows:

That in addition to the properties described in the Proposed Decision and in the Final Decision, ELIZABETH WEISS de CSEPEL owned 3 holds 905.1 square ol of land comprising 26 sub-numbers of lot number 29973, in the XIVth District of Budapest, which were taken without compensation by the Government of Hungary on December 3, 1954, pursuant to Court Decree No. 11536/1954 tk. 7502/1954, and that the claimant's interest in these properties was Forty-Five Thousand Six Hundred Forty Dollars and Eighty Cents ($45,640.80);

That in addition to the properties previously described, ELIZABETH WEISS de CSEPEL owned 1 hold 1227.2 square ol of land comprising 24 sub-numbers of lot 3114 in registry number 10814, and claimant

owned 2 holds 1201.3 square ol of land comprising 33 various sub-numbers of lot number 3124 in registry number 23000, and claimant also owned 1 hold 1186.5 square ol of land comprising 21 sub-numbers of lot 3548 in registry number 23739, all in the XIth District of Budapest, which were taken without compensation by the Government of Hungary on December 5, 1954, pursuant to Court Decree No. 11560/1954 tk. 7523/1954, and that the claimant's interest in these properties was One Hundred Thousand One Hundred Fifty Dollars ($100,150.00);

That claimant is entitled to compensation in the amount of One Hundred Forty-five Thousand Seven Hundred Ninety Dollars and Eighty Cents ($145,790.80) under Section 303(2) of the Act for the nationalized property described herein, in addition to the $311,500.00 first above mentioned.

Accordingly, it is

ORDERED that the Final Decision of July 7, 1959, be amended in accordance with the foregoing, and be affirmed in all other respects, and as so amended, it be and hereby is entered as the Final Decision in this claim, the award being restated as follows:

A W A R D

Pursuant to the provisions of the International Claims Settlement Act of 1949, as amended, this claim is allowed in part, and an award is made to ELIZABETH WEISS de CSEPEL in the amount of Four Hundred Fifty-Seven Thousand Two Hundred Ninety Dollars and Eighty Cents ($457,290.80) plus interest at the rate of 6% per annum from the respective dates of taking to August 9, 1955, the effective date of the Act in the total amount of Twenty-Eight Thousand Nine Hundred Forty-Four Dollars and Forty-Two Cents ($28,944.42).

Payment of any part of this award shall not be construed to have divested the claimant herein, or the Government of the United States on her behalf, of any rights against the Government of Hungary for the

EXHIBIT E



unpaid balance of the claim, if any; and it is further

ORDERED that the award granted herein be certified to the Secretary of the Treasury.

Dated at Washington, D. C.

JUL 31 1959

Whitney Gillilland

Pearl Carr

Robert L. Kunzig

COMMISSIONERS

Case MDL No. 2207 Document 12 Filed 11/15/10 Page 1 of 5

**EXHIBIT F**

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re Hungarian Holocaust Litigation ) MDL No. 2207

**NOTICE OF OBJECTION TO NOTICE OF RELATED ACTION**

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs David L. de Csepel, Angela Maria Herzog and Julia Alice Herzog (together, "the Herzog Plaintiffs"), by their attorneys, hereby respond and object to the Notice of Related Actions filed by MAV Zrt on November 10, 2010 [Dkt. No. 8] to the extent that it purports to designate the action *de Csepel v. Republic of Hungary*, No. 1:10-cv-01261 (D.D.C.) (the "Herzog Action") as a related tag-along action in the above-captioned proposed MDL proceeding pursuant to 28 U.S.C. § 1407.

**The Herzog Action**

1. The Herzog Action seeks the recovery of valuable artworks belonging to the family of Baron Mór Lipót Herzog, a well-known Jewish Hungarian collector of art, who had amassed a magnificent collection of more than two thousand paintings, sculptures and other artworks (the "Herzog Collection") prior to his death in 1934. Plaintiffs are three members of the Herzog family and heirs to the Herzog Collection. The artworks comprising the Herzog Collection were among the valuable art and other objects deliberately looted and seized by Hungary during World War II.

2. Today, at least forty works of art from the Herzog Collection are known to be in the wrongful possession of the Museum of Fine Arts (Szépművészeti Múzeum), Budapest, the Hungarian National Gallery, and the Museum of Applied Arts, Budapest, as well as the Budapest University of Technology and Economics, each an agency or instrumentality of the Republic of Hungary. Each of these entities is a named defendant in the Herzog Action, together with the Republic of Hungary.

3. The Herzog Action asserts state law causes of action against the defendants for (i) bailment, (ii) conversion, (iii) constructive trust, (iv) accounting, (v) declaratory relief and (vi) restitution based on unjust enrichment.

**The Herzog Action Should Not Be Included In The Pending MDL**

4. Although no party has formally moved for the inclusion of the Herzog Action in the proposed MDL, the Herzog Plaintiffs hereby notify the Panel and the parties of their opposition to any such consolidation or transfer, and advise the Panel and the parties of their intention to file a formal opposition if such consolidation or transfer is sought.

5. The Herzog Action represents a continuation of the family's decades-long effort to obtain relief from Hungary, both in Hungary and in the United States, and is entirely different from the two class actions that are currently under consideration for consolidation, each of which involves different parties and different claims. *See Victims of the Hungarian Holocaust v. Hungarian State Railways*, Case No. 1:10-cv-00868 (N.D. Ill.) (the "Chicago Action"); *Simon et al. v. Republic of Hungary et al.*, No. 1:10-cv-01770-JDB (D.D.C.) (the "District of Columbia Action"). The Herzog Action is also entirely different from another class action that Defendant MAV Zrt has purported to notice as a related tag-along action. *See Holocaust Victims of Bank Theft v. Magyar Nemzeti Bank*, No. 1:10-cv-01884 (N.D. Ill.) (the "Bank Action").

Case MDL No. 2207 Document 12 Filed 11/15/10 Page 3 of 5

**EXHIBIT F**

6. For example, the sole named defendant in the Chicago Action is the Hungarian State Railways (MAV Zrt) (who is not a named defendant in the Herzog Action). The complaint purports to assert claims, principally under international law and for aiding and abetting genocide, on behalf of a class of "[a]ll persons of Jewish descent, and heirs and assigns of such persons, who were transported to Auschwitz by MAV and who had personal property taken from them during transport or who had real property confiscated by MAV." (Compl. ¶ 60.)

7. The District of Columbia Action also names MAV Zrt and another Hungarian rail carrier, Rail Cargo Hungaria Zrt (who is also not a named defendant in the Herzog Action) as defendants. The Republic of Hungary (who is a named defendant in the Herzog Action) is also named. The complaint asserts claims, under both international law and state law, on behalf of a broad class of

> (a) all surviving Jewish victims of the Holocaust, whether presently American citizens or aliens, who were stripped of personal property by any of the defendants, and/or transported by rail *via* Defendant MÁV or Defendant MÁV Cargo to locales where they were placed or maintained in the custody of the German, or other hostile, authorities and (b) the heirs (whether American citizens or aliens) and open estates (wherever located) of the deceased Jewish victims of the Holocaust who at any time between September 1, 1939 and May 8, 1945, were stripped of personal property by any of the defendants, and/or transported by rail *via* Defendant MÁV or Defendant MÁV Cargo to locales where they were placed or maintained in the custody of the German, or other hostile, authorities and died while in captivity or thereafter.

(Compl. ¶ 132.)

8. The Bank Action is also a class action, and seeks recovery against five banks (none of whom are named in the Herzog Action), including the national bank of Hungary, who did business in Hungary during World War II. The complaint asserts claims on behalf of a class of "all members of Greater Hungarian Jewry whose assets were taken by the defendant banks during or immediately following or in connection with the Hungarian Holocaust of March-

Case MDL No. 2207 Document 12 Filed 11/15/10 Page 4 of 5

EXHIBIT F

October 1944." (Compl. ¶ 63.) Again the complaint includes causes of action under international law and for aiding and abetting genocide.

9. By contrast, the Herzog Action is not a class action and, unlike the other actions, does not purport to require the court to examine all of the defendants' World War II activities. Instead, the Complaint asserts narrow state law claims for the recovery of identifiable artworks belonging to a single family that remain in the possession of Hungary and certain of its state-owned museums and other agencies – none of whom are named defendants in the other actions. Indeed, the only party in common between the Herzog Action and the other actions is the Republic of Hungary itself (and only then with respect to the District of Columbia action). That the Herzog Action may involve the same general historical period as the other actions is not sufficient grounds to lump the Herzog Plaintiffs in with two (or three) enormous class actions involving numerous parties, claims and theories that have nothing to do with the Herzog Action.

10. The Herzog Plaintiffs, two of whom are elderly, will be substantially prejudiced if the Herzog Action is included in the proposed MDL and put on a pre-trial schedule together with two (or three) class actions that involve numerous complex issues, including class certification, that are simply not at issue in the Herzog Action and which will only serve further to delay justice for the Herzog Plaintiffs.

EXHIBIT F

11. For all of these reasons, the Herzog Plaintiffs respectfully request that the Panel and the parties take no further action to include the Herzog Action in the proposed MDL, and respectfully advise the Panel that if any such action is sought that the Herzog Plaintiffs will file a formal objection in accordance with the Panel's rules.

Respectfully submitted,

*/s/ Michael D. Hays*
Michael D. Hays (D.C. Bar No. 932418)
Daniel D. Prichard (D.C. Bar No. 476449)
DOW LOHNES PLLC
1200 New Hampshire Avenue, N.W.
Suite 800
Washington, D.C. 20036
Tel: (202) 776-2000
Fax: (202) 776-2222
mhays@dowlohnes.com
dprichard@dowlohnes.com
*Counsel For The Herzog Plaintiffs*

Of Counsel:

Michael S. Shuster
Sheron Korpus
Alycia Regan Benenati
Dorit Ungar
KASOWITZ BENSON TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
mshuster@kasowitz.com
skorpus@kasowitz.com
abenenati@kasowitz.com
dungar@kasowitz.com

Dated: November 15, 2010

EXHIBIT F

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re Hungarian Holocaust Litigation ) MDL No. 2207

## Proof of Service

I hereby certify that a copy of the foregoing Notice of Objection to Notice of Related Action was served on November 15, 2010 as follows:

Robert James Pavich
John J. Pavich
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, IL 60603
(via First Class Mail)

Jeffrey A. Leon
FREED & WEISS LLC
111 W. Washington Street
Suite 1331
Chicago, IL 60602
(via ECF)

David H. Weinstein
WEINSTEIN KITCHENOFF & ASHER LLC
1845 Walnut Street, Ste. 1100
Philadelphia, PA 19103
(via ECF)

Charles S. Fax
RIFKIN, LIVINGSTON, LEVITAN & SILVER LLC
7979 Old Georgetown Road
Suite 400
Bethesda, MD 20814
(via First Class Mail)




Owen C. Pell
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(via ECF)

*/s/ Daniel D. Prichard*
Daniel D. Prichard