**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID L. de CSEPEL**, *et al.*, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| vs. | ) **No. 1:10-cv-01261(ESH)** |
| **REPUBLIC OF HUNGARY**, *et al.*, | ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDICIAL NOTICE OF DOCUMENTS AND FACTS**

Defendants Republic of Hungary, The Hungarian National Gallery, The Museum of Fine

Arts, The Museum of Applied Arts, and The Budapest University of Technology and Economics

(collectively, "Hungary"), through counsel, submit this Reply in Support of Defendants' Motion

for Judicial Notice of Documents and Facts ("Motion").  In their Opposition, Plaintiffs do not

dispute the authenticity of any documents (or translations thereof) for which Hungary requests

judicial notice.  Nor do Plaintiffs dispute that the contested documents are "capable of accurate

and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

*See* Fed. R. Evid. 201.  Indeed, in their Opposition to Hungary's Motion to Dismiss, Plaintiffs

themselves put the validity of numerous Hungarian decisions, including Hungarian court

documents relating to the Nierenberg lawsuit, before the Court.  For the various reasons set forth

below, Hungary's Motion should be granted in its entirety.

I.      **Hungarian Legislation**

It is proper for the Court to take judicial notice of the existence of the various Hungarian statutes and foreign treaties requested by Hungary.  Plaintiffs have not disputed the authenticity of these documents or their associated translations.  Instead, Plaintiffs argue that Hungary should have brought such legislation to the attention of the Court by issuing notice pursuant to Federal Rule of Civil Procedure 44.1.  As evidenced by the plain language of Federal Rule of Civil Procedure 44.1, however, it applies where a litigant seeks to "raise an issue about a foreign country's law" and details how a court may make a "determination" of foreign law.  When such determination is made, it is treated as a "ruling on a question of law."  Fed. R. Civ. P. 44.1.

Here, Hungary's Motion does not request that the Court make any "determination" of foreign law.  Rather, Hungary brought these documents to the Court's attention to make the Court aware of the existence of these documents so that the Court can consider these documents, along with the other facts of the case, as background information, and to put the claims leveled in the Complaint into historical perspective.  That these documents exist and are authentic is not subject to reasonable dispute, and judicial notice is therefore appropriate.  *See* Fed. R. Evid. 201.

II.     **Nierenberg Complaint and the Final Judgment**

It is appropriate for the Court to take judicial notice of Martha Nierenberg's 1999 Complaint ("Nierenberg Complaint") and the resultant 2008 Final Judgment ("Final Judgment"). Hungary properly utilized these documents to argue that certain of Plaintiffs' claims are barred by *res judicata*.

Under Federal Rule of Evidence 201, courts may take judicial notice of adjudicative, but not legislative, facts.  Plaintiffs distort Hungary's request that the Court take judicial notice of the Nierenberg Complaint and Final Order by arguing that they are "legislative facts."  In making

this argument, Plaintiffs properly recognize the difference between adjudicative facts, which "are

simply the facts of the particular case" and legislative facts, "which are those which have

relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal

principle or ruling by a judge or court or in the enactment of a legislative body."  Opposition at 2

(*citing* Fed. R. Evid. 201, Note to Subdivision (a)) (internal quotations omitted).  Hungary's

request for judicial notice of the Nierenberg Complaint and Final Judgment has nothing to do

with legal reasoning or the formulation of legal principles.[1]  Hungary does not utilize these

documents to argue the state of Hungarian law.  Rather, Hungary utilizes them to establish the

relief sought by Ms. Nierenberg and the fact that such requested relief resulted in a final

judgment.  Hungary seeks judicial notice of these documents to establish the particular facts of

the previous litigation.

Plaintiffs also argue that it is an improper use of judicial notice to utilize the Nierenberg

Complaint and Final Judgment to establish *res judicata*.  Opposition at 4.  It is entirely proper for

the Court to notice court records for purposes of establishing *res judicata*.  *See Hemphill v.

Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008); 21B Wright & Graham, Federal

Practice and Procedure: Evidence 2d § 5106.4 ("Courts can properly notice prior judicial acts for

the purpose of acting upon them.  The best-known example is the use of judicial records in ruling

on a claim that the present case is barred or controlled by res judicata . . . .").

---

[1] Similarly, Plaintiffs argue that the Court may not grant judicial notice regarding the Nierenberg
Complaint and Final Judgment because they are "matters of foreign law" and thus subject to
Federal Rule of Civil Procedure 44.1, not Federal Rule of Evidence 201.  Opposition at 3.  Rule
44.1, pursuant to its own text, applies when "[a] party intends to raise an issue about a foreign
country's law".  Here, Hungary is doing no such thing.

**III.    The Journal News Article**

Hungary requested that the Court take judicial notice of the existence of an article published within The Journal News.  As Plaintiffs concede, courts may take judicial notice of published articles for limited purposes.  Opposition at 5.  Plaintiffs do not appear to dispute that judicial notice of the article is appropriate, but rather take issue with the manner in which it is used in Hungary's Motion to Dismiss.  Hungary's request should be granted as the Court may properly take judicial notice of the article as evidence of what was in the public domain at the time.  The existence of the article establishes that information regarding Ms. Nierenberg's potential claims was readily available in the public domain.  Further, because Ms. Nierenberg was purportedly quoted in the article, it makes it even more likely that the article was brought to her attention.  In any event, the weight to be given to the article does not impact the fact that judicial notice of the article is proper.

Dated: June 15, 2011                                       Respectfully submitted,

                                                                        /s/ D. Grayson Yeargin
                                                               D. Grayson Yeargin (Bar No. 476324)
                                                               David D. West (Bar No. 990695)
                                                               NIXON PEABODY LLP
                                                               401 Ninth Street, N.W., Suite 900
                                                               Washington, D.C.  20004-2128
                                                               Telephone: (202) 585-8000
                                                               Facsimile: (202) 585-8080
                                                               gyeargin@nixonpeabody.com
                                                               dwest@nixonpeabody.com
                                                               **Counsel for Defendants**

Thaddeus J. Stauber
Sarah Erickson André
Gas Company Tower
NIXON PEABODY LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 629-6000
Facsimile: (213) 629-6001
tstauber@nixonpeabody.com
sandre@nixonpeabody.com
***Counsel for Defendants***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 15th day of June, 2011, I caused a true and correct

copy of the foregoing Reply in Support of Defendants' Motion for Judicial Notice of Facts and

Documents to be filed electronically with the United States District Court for the District of

Columbia.  I also certify that I caused the foregoing to be served via first-class mail, postage

prepaid, upon the following:

> Michael Dewayne Hays
> Daniel D. Prichard
> DOW LOHNES PLLC
> 1200 New Hampshire Avenue, N.W.
> Suite 800
> Washington, D.C., 20036
> *Counsel for Plaintiffs*
>
> Michael S. Shuster
> Sheron Korpus
> Alycia Regan Benenati
> Dorit Ungar
> Megan Kathleen Zwiebel
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> 1633 Broadway
> New York, NY 10019-6799
> *Counsel for Plaintiffs*

> /s/ D. Grayson Yeargin
> D. Grayson Yeargin