IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID L. de CSEPEL,** *et al.* | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| vs. | ) ) No. 1:10-cv-01261(ESH) |
| **REPUBLIC OF HUNGARY,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) ) ) |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Plaintiffs David L. de Csepel, Angela Maria Herzog and Julia Alice Herzog (together, "Plaintiffs"), by and through counsel, respectfully move for leave to file a sur-reply memorandum in response to new arguments made by Defendants Republic of Hungary, Hungarian National Gallery, Museum of Fine Arts, Museum of Applied Arts, and Budapest University of Technology and Economics (together, "Defendants") for the first time in their Reply Brief In Support of Motion to Dismiss ("Reply"), filed on June 15, 2011 [Dkt. No. 27]. A copy of Plaintiffs' proposed Sur-Reply Memorandum is attached hereto as Exhibit 1. In support of this motion, Plaintiffs state as follows:

1. On June 7, 2011, Defendants requested (and subsequently received) permission to file a Reply in excess of the twenty-five pages normally permitted by Local Civil Rule 7(e). [Dkt. No. 26.] Nearly half of Defendants' forty-page Reply is devoted to new arguments that appear nowhere in Defendants' fifty-seven page Memorandum of Law in Support of their Motion to Dismiss filed on February 15, 2011 ("Memorandum" [Dkt. No. 15]), or which were

previously mentioned only in a single footnote in the Memorandum.  For example, Defendants argue for the first time in their Reply that the 1947 Treaty of Peace between the Allies and Hungary, 61 Stat. 2109, bars Plaintiffs' claims, after previously mentioning the Peace Treaty only in the factual background section of their Memorandum and devoting their Memorandum to their (now-abandoned) theory that the Herzog Collection had been nationalized by Communist Hungary through the 1954 Museum Decree.  (Reply at 2-4.)  Defendants also argue for the first time that the Complaint fails to state a claim for bailment, conversion, constructive trust, accounting, declaratory relief, and restitution based on unjust enrichment.  (Reply at 16-18.)

2.  Defendants' Reply also includes a substantially new argument as to why the 1973 executive agreement between the United States and Hungary allegedly bars Plaintiffs' claims. After initially arguing that Article 2(1) of the 1973 Agreement barred Plaintiffs' claims (based on Defendants' theory that the 1954 Museum Decree constituted a relevant "measure[] of nationalization … or other taking" within the meaning of that provision), Defendants now rely exclusively on Article 2(3) of the 1973 Agreement, arguing that the reference therein to Article 27 of the Peace Treaty establishes that the 1973 Agreement settled claims even of persons who were not United States citizens when their claims arose.  (Reply at 4-9.)  Because Plaintiffs did not have an opportunity to address this argument in their opposition brief, a sur-reply is warranted.

3.  In addition, although Defendants previously mentioned the political question doctrine only in a single footnote in the Memorandum (Dkt. No. 15 at 25 n.19), Defendants now devote nine pages of their Reply to their argument that the doctrine bars Plaintiffs' claims, discussing for the first time the six factors outlined by the Supreme Court in *Baker v. Carr*, 369

U.S. 186 (1962) that typically inform the analysis after ignoring those factors in their moving brief.  (Reply at 19-28.)  This effectively new argument also merits a sur-reply.

        4.      Courts in this Circuit have recognized that it is improper for a movant to raise in a reply brief new matters not previously addressed in the moving brief because the non-moving party may be "sandbagged" by not having the opportunity to respond.  *See Bd. Of Regents of the Univ. of Washington v. Environmental Protection Agency*, 86 F.3d 1214, 1221 (D.C. Cir. 1996) (to prevent "sandbagging," issues not raised until the reply brief are waived); *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant an opportunity to respond to those arguments by granting leave to file a sur-reply.").  Therefore, to the extent that the Court elects to consider the newly raised arguments, the district court "routinely" grants motions for leave to file a sur-reply if, as here, a party is "'unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)); *see also Lopez v. Council on Am.-Islamic Relations Action Network Inc.*, 657 F. Supp. 2d 104, 109 (D.D.C. 2009) (allowing sur-reply in further opposition to motion to dismiss where "plaintiffs' sur-reply is 'helpful to the adjudication' of the motion to dismiss and … is not 'unduly prejudicial to the defendants'"), *aff'd* 383 Fed. Appx. 1, 2010 U.S. App. LEXIS 11914 (D.C. Cir. 2010); *Flynn,* 310 F. Supp. 2d at 190 (granting motion for leave to file sur-reply where defendants raised new arguments for the first time in their reply in support of its motion to dismiss); *American Forest & Paper Ass'n, Inc., v. U.S. Envtl. Prot. Agency*, No. 93-cv-0694 (RMU), 1996 U.S. Dist. LEXIS 13230, at *3 (D.D.C. Sept. 4, 1996) (granting leave to file sur-reply to address alleged

inaccuracies in defendants' reply brief). Here, Defendants have unquestionably introduced new matter for the first time on reply.

    5.    Plaintiffs regret the need to burden the Court with additional briefing, particularly in view of the extended page limits already granted by this Court to both sides. However, given the complexity of the issues presented by the motion, Plaintiffs respectfully submit that Plaintiffs' proposed Sur-Reply Memorandum will be helpful to the Court in adjudicating the motion to dismiss, will help frame the issues for oral argument in the event the Court elects to have one as the parties have requested, and will not be unduly prejudicial to Defendants. Allowing Plaintiffs to file their proposed Sur-Reply Memorandum will not affect any case deadlines, as there is presently no schedule in place.

    6.    Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel has conferred with Defendants' counsel. Defendants have advised Plaintiffs that they oppose the relief sought in this motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for leave to file the attached Sur-Reply Memorandum.

    Respectfully submitted,

    /s/ Michael D. Hays
Michael D. Hays (D.C. Bar No. 932418)
Daniel D. Prichard (D.C. Bar No. 476449)
DOW LOHNES PLLC
1200 New Hampshire Avenue, N.W.
Suite 800
Washington, D.C.  20036
Tel:  (202) 776-2000
Fax:  (202) 776-2222
mhays@dowlohnes.com
dprichard@dowlohnes.com
*Counsel For Plaintiffs*

                                        Of Counsel:

                                        Michael S. Shuster (*pro hac vice*)
                                        Sheron Korpus (*pro hac vice*)
                                        Alycia Regan Benenati (*pro hac vice*)
                                        Megan Zwiebel (*pro hac vice*)
                                        KASOWITZ BENSON TORRES &
                                              FRIEDMAN LLP
                                        1633 Broadway
                                        New York, New York 10019
                                        Tel: (212) 506-1700
                                        Fax: (212) 506-1800
                                        mshuster@kasowitz.com
                                        skorpus@kasowitz.com
                                        abenenati@kasowitz.com
                                        mzwiebel@kasowitz.com

Dated:  June 27, 2011

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion For Leave to File Sur-Reply Memorandum, together with the annexed Proposed Sur-Reply Memorandum of Points and Authorities In Opposition to Defendants' Motion to Dismiss the Complaint and Proposed Order, was served this 27th day of June, 2011, via the Court's electronic filing system on the following individuals:

D. Grayson Yeargin
NIXON PEABODY LLP
401 Ninth Street NW
Suite 900
Washington, DC 20004
Tel: (202)-585-8000
Fax: (202)-585-8080
gyeargin@nixonpeabody.com

Thaddeus J. Stauber (*pro hac vice*)
Sarah Erickson Andre (*pro hac vice*)
NIXON PEABODY LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 629-6000
Fax: (213) 629-6001
tstauber@nixonpeabody.com
sandre@nixonpeabody.com

    /s/ *Michael D. Hays*
    Michael D. Hays