## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID L. de CSEPEL,** *et al.* | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | )  **No. 1:10-cv-01261(ESH)** |
| **REPUBLIC OF HUNGARY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |
| | ) |

## OPPOSITION TO PLAINTIFFS' MOTION TO FILE [PROPOSED] SUR-REPLY MEMORANDUM OF POINTS AND AUTHORITIES

The Court should deny Plaintiffs' Motion to File [Proposed] Sur-reply to the Motion to Dismiss filed by Defendants Republic of Hungary, The Hungarian National Gallery, The Museum of Fine Arts, The Museum of Applied Arts, and The Budapest University of Technology and Economics ("Hungary") because the Sur-reply is an unwarranted reply to the Reply brief filed in support of Hungary's Motion to Dismiss and therefore fails to meet the standard required for filing a sur-reply.

## I.      Standard

Motions for leave to file sur-replies memoranda "are not favored."  *Lopez v. Counsel on American-Islamic Rels. Action Network, Inc.*, 657 F. Supp. 2d 104, 108 (D.D.C. 2009).  Courts do, however, have discretion to grant such motions when a reply is filed leaving "a party . . . 'unable to contest matters presented to the court for the first time.'"  *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C.

2001)).  Only a sur-reply memorandum addressing new matters raised in the Reply brief may be considered by the court.  *See United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) ("The matter must be truly new."); *Lewis*, 154 F. Supp. 2d at 61 ("Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion.").

## II.     Plaintiffs' Sur-reply Memorandum Is Not Appropriate

The Local Rules of this Court provide, with regard to the filing of motions, that only a memorandum supporting the motion, an opposition, and a reply memorandum may be filed.  *See* Local Rule 7.  The Local Rules do not permit the filing of a sur-reply memorandum. Consequently, the Court need not entertain Plaintiffs' Sur-reply memorandum.

## III.    Plaintiffs' [Proposed] Sur-reply Memorandum Is An Impermissible Reply Brief

A review of Plaintiffs' [Proposed] Sur-reply memorandum demonstrates that it is an opposition to Hungary's Reply brief and should not be considered.  *See ANADAC, Inc. v. United States Dep't of Justice*, 44 F. Supp. 2d 306, 313 (D.D.C.) (denying a party leave to file a sur-reply memorandum because "the submission appears to constitute an opposition to . . . reply memorandum" and neither the Local Rules nor the Court's Order permitted such a filing).  For example, Plaintiffs contend that Hungary waived its argument that Plaintiffs' claims are non-justiciable political questions by including the argument in a footnote.  *See* [Proposed] Sur-reply at 1, 17.  While Hungary did devote several pages of its Reply brief to a discussion of the political question doctrine, this was in response to the Plaintiffs' counter-argument regarding of the political question doctrine in the Opposition.  Plaintiffs and Hungary have already discussed *Baker v. Carr*, 369 U.S. 186 (1992) -- there is no need to permit further discussion in a sur-reply memorandum.   Having previously responded in their Opposition to the political question

argument raised in Hungary's opening brief, Plaintiffs cannot assert that this is a "new" argument authorizing a further response.  Hungary's arguments were made in direct response to arguments raised by Plaintiffs' in their Opposition.

To survive Hungary's Motion to Dismiss, Plaintiffs' Complaint must satisfy Federal Rule of Civil Procedure 8(a).  *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiffs' Complaint is inadequate to support Plaintiffs' complex claims, and until Plaintiffs' filed their Opposition, Hungary was unable to discern the contours of Plaintiffs' claims as required by *Twombly*.  Consequently, Hungary was compelled to respond to arguments and assertions that are found in the Opposition -- not in the Complaint.  That Plaintiffs' Complaint fails to comply with Rule 8(a) is not a basis to permit a sur-reply memorandum.

Both parties have filed significant and lengthy briefs in this case.  This Court does not need to look at Plaintiffs' [Proposed] Sur-reply to determine whether or not Plaintiffs' Complaint, alone, is adequate to state a claim and survive a motion do dismiss.

## IV.     Conclusion

For the foregoing reasons, Hungary requests that this Court deny Plaintiffs' Motion to File [Proposed] Sur-reply memorandum.

Dated: July 14, 2011                    Respectfully submitted,

                                        ____/s/ D. Grayson Yeargin___
                                        D. Grayson Yeargin (Bar No. 476324)
                                        David D. West (Bar No. 990695)
                                        NIXON PEABODY LLP
                                        401 Ninth Street, N.W., Suite 900
                                        Washington, D.C.  20004-2128
                                        Telephone: (202) 585-8000
                                        Facsimile: (202) 585-8080
                                        gyeargin@nixonpeabody.com
                                        dwest@nixonpeabody.com
                                        *Counsel for Defendants*

                                        Thaddeus J. Stauber
                                        Sarah Erickson André
                                        Gas Company Tower
                                        NIXON PEABODY LLP
                                        555 West Fifth Street
                                        Los Angeles, CA 90013
                                        Telephone: (213) 629-6000
                                        Facsimile: (213) 629-6001
                                        tstauber@nixonpeabody.com
                                        sander@nixonpeabody.com
                                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2011, I caused a true and correct copy of the foregoing Opposition to Plaintiffs' [Proposed] Sur-Reply Memorandum of Points and Authorities in Opposition to Motion to Dismiss Filed by the Republic of Hungary, The Hungarian National Gallery, The Museum of Fine Arts, The Museum of Applied Arts, and the Budapest University of Technology and Economics to be filed electronically with the United States District Court for the District of Columbia.  I also certify that I caused the foregoing to be served via first-class mail, postage prepaid, upon the following:

> Michael Dewayne Hays
> Daniel D. Prichard
> DOW LOHNES PLLC
> 1200 New Hampshire Avenue, N.W.
> Suite 800
> Washington, D.C., 20036
> *Counsel for Plaintiffs*
>
> Michael S. Shuster
> Sheron Korpus
> Alycia Regan Benenati
> Dorit Ungar
> Megan Kathleen Zwiebel
> KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
> 1633 Broadway
> New York, NY 10019-6799
> *Counsel for Plaintiffs*

> _____/s/ D. Grayson Yeargin_____
> D. Grayson Yeargin