**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DAVID L. de CSEPEL,** *et al.* ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) **No. 1:10-cv-01261(ESH)** <br> ) <br> **REPUBLIC OF HUNGARY,** *et al.*, ) <br> ) <br> **Defendants.** ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM**

Defendants' half-hearted Opposition to Plaintiffs' Motion for Leave to File Sur-Reply Memorandum [Dkt. No. 31] only confirms that Plaintiffs' Proposed Sur-Reply Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss the Complaint [Dkt. No. 29-1] is justified and should be considered by this Court.

Defendants do not dispute that courts in this District and Circuit have the discretion to permit sur-reply memoranda – notwithstanding the absence of an express provision in the Local Rules providing for such memoranda – where, as here, new matters are raised by a movant for the first time on reply. (Opposition at 1-2.) Likewise, Defendants do not dispute that their Reply [Dkt. No. 27] raises new arguments not previously made by Defendants in their Memorandum of Law in Support of their Motion to Dismiss [Dkt. No. 15], nor do they dispute that allowing Plaintiffs' Sur-Reply would be helpful to the Court in adjudicating the motion to dismiss. Nor do Defendants argue that they would be prejudiced in any way by Plaintiffs' Sur-Reply.

Instead, Defendants feebly attempt to justify their wholesale revision of their theories and arguments on Reply by arguing for the first time in their Opposition to Plaintiffs' Sur-reply motion that "until Plaintiffs' [sic] filed their Opposition, Hungary was unable to discern the contours of Plaintiffs' claims as required by *Twombly*." (Opposition at 3.)  Defendants' argument is incredible on its face, particularly where Defendants never hinted in their moving brief or in their Reply that they were unable to understand Plaintiffs' claims because the Complaint somehow did not comply with Federal Rule of Civil Procedure Rule 8(a) as Defendants only now allege.  Indeed, Defendants' moving brief expressly asserted that "Plaintiffs' claims are straightforward."  [Dkt. No. 15, introduction, at 2.]  Defendants revised their theories and arguments on reply because it was apparent from Plaintiffs' opposition to their motion to dismiss that their original theories and arguments were fatally flawed – not because Defendants did not understand Plaintiffs' claims in the first place.

For all of these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Sur-Reply Memorandum.

Respectfully submitted,

 */s/ Michael D. Hays*
Michael D. Hays (D.C. Bar No. 932418)
Daniel D. Prichard (D.C. Bar No. 476449)
DOW LOHNES PLLC
1200 New Hampshire Avenue, N.W.
Suite 800
Washington, D.C.  20036
Tel:  (202) 776-2000
Fax:  (202) 776-2222
mhays@dowlohnes.com
dprichard@dowlohnes.com
*Counsel For Plaintiffs*

Of Counsel:

Michael S. Shuster (*pro hac vice*)
Sheron Korpus (*pro hac vice*)
Alycia Regan Benenati (*pro hac vice*)
Megan Zwiebel (*pro hac vice*)
KASOWITZ BENSON TORRES &
   FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
mshuster@kasowitz.com
skorpus@kasowitz.com
abenenati@kasowitz.com
mzwiebel@kasowitz.com

Dated:  July 21, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiffs' Reply In Support of Motion For Leave to File Sur-Reply Memorandum was served this 21st day of July, 2011, via the Court's electronic filing system on the following individuals:

D. Grayson Yeargin
NIXON PEABODY LLP
401 Ninth Street NW
Suite 900
Washington, DC 20004
Tel: (202)-585-8000
Fax: (202)-585-8080
gyeargin@nixonpeabody.com

Thaddeus J. Stauber (*pro hac vice*)
Sarah Erickson Andre (*pro hac vice*)
NIXON PEABODY LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 629-6000
Fax: (213) 629-6001
tstauber@nixonpeabody.com
sandre@nixonpeabody.com

      /s/ *Michael D. Hays*
      Michael D. Hays