# EXHIBIT A

FOREIGN CLAIMS SETTLEMENT COMMISSION
OF THE UNITED STATES
UNITED STATES DEPARTMENT OF JUSTICE
WASHINGTON, DC  20579

| | |
|---|---|
| In the Matter of the Claim of | } |
| | } |
| | } |
| | } |
| ESTATE OF _____ DECEASED | } Claim No. LIB-I-052 |
| EXECUTRIX | } |
| | } Decision No. LIB-I- 023 |
| | } |
| Against the Great Socialist People's | } |
| Libyan Arab Jamahiriya | } |

Counsel for Claimant:                          Eric C. Sorenson, Esq.
                                               Law Offices of Eric Sorenson, Esq.

PROPOSED DECISION

This claim against the Great Socialist People's Libyan Arab Jamahiriya ("Libya")

is based upon physical injuries said to have been sustained by the claimant's decedent,

who died on August 26, 1993, during his detention in Libya beginning on or about

February 10, 1987.

Under subsection 4(a) of Title I of the International Claims Settlement Act of

1949 ("ICSA"), as amended, the Commission has jurisdiction to

> receive, examine, adjudicate, and render a final decision with respect to
> any claim of . . . any national of the United States . . . included in a
> category of claims against a foreign government which is referred to the
> Commission by the Secretary of State.

22 U.S.C. § 1623(a)(1)(C) (2006).

On December 11, 2008, pursuant to a delegation of authority from the Secretary

of State, the State Department's Legal Adviser referred to the Commission for

adjudication a category of claims of United States nationals against Libya. *Letter from the Honorable John B. Bellinger, III, Legal Adviser, Department of State, to Mauricio J. Tamargo, Chairman, Foreign Claims Settlement Commission* ("December Referral Letter"). The category of claims referred consists of

> claims of U.S. nationals for physical injury, provided that (1) the claim meets the standard for physical injury adopted by the Commission; (2) the claim is set forth as a claim for injury other than emotional distress alone by a named party in the Pending Litigation; and (3) the Pending Litigation against Libya and its agencies or instrumentalities; officials, employees, and agents of Libya or Libya's agencies or instrumentalities; and any Libyan national (including natural and juridical persons) has been dismissed before the claim is submitted to the Commission.

*Id.* at ¶ 3.  Attachment 1 to the December Referral Letter lists the suits comprising the Pending Litigation.

Related to the December Referral Letter, a number of official actions were taken with respect to the settlement of claims between the United States and Libya. Specifically, on August 14, 2008, the United States and Libya concluded the *Claims Settlement Agreement Between the United States of America and the Great Socialist People's Libyan Arab Jamahiriya* ("Claims Settlement Agreement") 2008 U.S.T. Lexis 72, entered into force Aug. 14, 2008.  On October 31, 2008, the Secretary of State certified, pursuant to the Libyan Claims Resolution Act ("LCRA"), Pub. L. No. 110-301, 122 Stat. 2999 (2008), that the United States Government had received funds sufficient to ensure "fair compensation of claims of nationals of the United States for . . . physical injury in cases pending on the date of enactment of this Act against Libya . . . ." December Referral Letter, *supra*, ¶ 1.  On the same day, the President issued Executive Order No. 13,477, 73 Fed. Reg. 65,965 (Oct. 31, 2008), espousing the claims of United States nationals coming within the terms of the Claims Settlement Agreement, barring

- 3 -

United States nationals from asserting or maintaining such claims, terminating any pending suit within the terms of the Claims Settlement Agreement, and directing the Secretary of State to establish procedures governing claims by United States nationals falling within the terms of the Claims Settlement Agreement.

On March 23, 2009, the Commission published notice in the *Federal Register* announcing the commencement of this Libya Claims Program pursuant to the ICSA and the December Referral Letter. *Notice of Commencement of Claims Adjudication Program, and of Program Completion Date*, 74 Fed. Reg. 12,148 (2009).

BASIS OF THE PRESENT CLAIM

On July 31, 2009, the Commission received from claimant's counsel a completed Statement of Claim and accompanying exhibits, postmarked July 23, 2009, supporting the claimant's claim, including evidence of claimant's decedent's: United States nationality; inclusion of the         REDACTED         as a named party in the Pending Litigation referred to in Attachment 1 of the December Referral Letter, setting forth a claim for injury other than emotional distress alone; the dismissal of the Pending Litigation against Libya; and physical injuries said to have been suffered by the claimant's decedent.

The executrix of the Estate of:         REDACTED         , states that in early
                                                REDACTED
February 1987 she and Mr.         were traveling on a yacht from Italy to Egypt. During the voyage they encountered a severe storm which required them to take refuge in the Port of Benghazi in Libya. Together with other passengers, they were confined to their boat for several days prior to being taken by the Libyan authorities and detained in various Libyan hotels. According to the Statement of Claim, Mr.     REDACTED    suffered

- 4 -

"physical effects" from the conditions of his confinement along with an increased risk of a major disease.

REDACTED        has provided evidence of .        REDACTED        , United States nationality by naturalization. This evidence reflects that Mr REDACTED was naturalized as a United States citizen on August 23, 1993, some six years after his confinement, and that he was a citizen of Egypt by birth. In addition, Ms. REDACTED has provided a copy of the Stipulation of Dismissal in Case No. 00-cv-1722, filed in the United States District Court for the District of Columbia, which names her, ' REDACTED        , in her capacity as Personal Representative for the Estate of '' REDACTED        as a party.

DISCUSSION

Jurisdiction

As an initial matter, the Commission must consider whether this claim falls within the category of claims referred to it by the Department of State. The Commission's jurisdiction under the December Referral Letter is limited to claims of individuals who are: (1) United States nationals and (2) named parties in a Pending Litigation case which has been dismissed. December Referral Letter, *supra*, ¶¶ 2-3.

*Nationality*

In the *Claim of* . Personally Identifiable Information Redacted under 5 U.S.C. §552(b)(6) Claim No. LIB-I-001, Decision No. LIB-I-001 (2009), the Commission held, consistent with its past jurisprudence and generally accepted principles of international law, that in order for a claim to be compensable, the claimant must have been a national of the United States, as that term is defined in the Commission's authorizing statute, from the date the claim arose until the date of the Claims Settlement Agreement.    Specifically, the Commission noted that the December

- 5 -

Referral Letter tasked the Commission with adjudicating and certifying a category of claims of United States nationals.  In order to determine who qualifies as a United States national, the Commission must look to the provisions of ICSA, the statute under which the referral is made.  Under that statute, the Commission is directed to apply, in the following order, "the provisions of the applicable claims agreement" and "the applicable principles of international law, justice and equity" in its deliberative process.  22 U.S.C. § 1623(a)(2) (2006).

Although the Claims Settlement Agreement states that it settles the claims of "United States nationals," it does not define that term.  However, the Commission's authorizing statute defines the term "nationals of the United States" as "(1) persons who are citizens of the United States, and (2) persons who, though not citizens of the United States, owe permanent allegiance to the United States.  It does not include aliens."  22 U.S.C. § 1621(c) (2006).[*]  Accordingly, the Commission holds that it is authorized to adjudicate and certify the claims of persons who meet this definition with respect to their U.S. nationality.

The Claims Settlement Agreement is silent, however, as to *when* a claimant must be a United States national in order to be eligible for compensation under the Claims Settlement Agreement  Therefore, the Commission must look to United States practice and the applicable principles of international law, justice and equity, including its own jurisprudence, to make this determination.  It is a well-established principle of the law of international claims, which has been applied without exception by both this Commission

---

[*] The Commission notes that both the LCRA and Executive Order No. 13,477 define the term "national of the United States" by reference to the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(22) (2006), which similarly defines the term as a citizen of the United States, or a person who, though not a citizen, owes permanent allegiance to the United States.  LCRA § 2(3), 122 Stat. at 2999; Exec. Order No. 13,466, Exec. Order No. 13,477, 73 Fed. Reg. at 65,965.

- 6 -

and its predecessors, the War Claims Commission and the International Claims Commission, that a claim may be found compensable only if it was owned by a United States national at the time the claim arose. *See, e.g., Claim of EUGENIA D. STUPNIKOV against Yugoslavia*, Claim No. Y-2-0071, Decision No. Y-2-0003 (1967); *Claim of ILONA CZIKE against Hungary*, Claim No. HUNG-2-0784, Decision No. HUNG-2-191 (1976); *Claim of JOSEPH REISS against the German Democratic Republic*, Claim No. G-2853, Decision No. G-2499 (1981); *Claim of TRANG KIM against Vietnam*, Claim No. V-0014, Decision No. V-0001 (1982). This principle has also been recognized by the courts of the United States. *See, e.g., Haas v. Humphrey*, 246 F.2d 682 (D.C. Cir. 1957), *cert. denied* 355 U.S. 854 (1957). Indeed, in the statute authorizing the Second Czechoslovakian Claims Program, Congress reaffirmed "the principle and practice of the United States to seek compensation from foreign governments on behalf only of persons who were nationals of the United States at the time" of loss. 22 U.S.C. note prec. § 1642 (2006).

According to the Statement of Claim, the claimant's decedent, did not become a U.S. citizen until 1993. As such, he was not a "national of the United States" when this claim arose in 1987, at the time of his confinement by the Libyan Government. Under United States practice and the applicable principles of international law, justice and equity, including its own jurisprudence, the Commission is accordingly constrained to conclude that this claim is not compensable under the December Referral Letter and the Claims Settlement Agreement. Accordingly, the claim must be and it is hereby denied.

- 7 -

The Commission finds it unnecessary to make determinations with respect to other elements of this claim.

Dated at Washington, DC, and
entered as the Proposed Decision
of the Commission.

OCT 1 6 2009

Mauricio J. Tamargo, Chairman

Rafael E. Martinez, Commissioner

NOTICE:  Pursuant to the Regulations of the Commission, any objections must be filed within 15 days after service or receipt of notice of this Proposed Decision.  Absent objection, this decision will be entered as the Final Decision of the Commission upon the expiration of 30 days after such service or receipt of notice, unless the Commission otherwise orders.  FCSC Regulations, 45 C.F.R. § 509.5 (e), (g) (2008).

LIB-I-052