IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID L. de CSEPEL**, *et al.* )<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>) **No. 1:10-cv-01261(ESH)**<br>**REPUBLIC OF HUNGARY**, *et al.*, )<br>)<br>Defendants. )<br>)<br>) | |

## JOINT RULE 16.3 and 26(f) MEET AND CONFER REPORT

Pursuant to Fed. R. Civ. P. 16 and 26(f), LCvR 16.3(c), and the Court's order dated September 1, 2011, the parties – Plaintiffs David L. de Csepel, Angela Maria Herzog and Julia Alice Herzog (together, "Plaintiffs") and Defendants Republic of Hungary, Museum of Fine Arts, Hungarian National Gallery, Museum of Applied Arts, and Budapest University of Technology and Economics (together, "Defendants") – by and through undersigned counsel, hereby respectfully submit this report addressing the topics listed in LCvR 16.3(c) and Fed. R. Civ. P. 26(f).  The parties will submit separately the brief statement of the case and the statutory basis for all causes of action and defenses required by this Court's September 1, 2011 Order.

The parties have conferred and reached agreement as to certain of the matters listed in LCvR 16.3(c) and Fed. R. Civ. P. 26(f), as stated below:

**(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Defendants moved to dismiss the Complaint on February 15, 2011.  On September 1, 2011, this Court granted the motion as to plaintiffs' claims to the eleven pieces of artwork at issue in the Nierenberg litigation, but denied it in all other respects.

On September 12, 2011 Defendants filed a Notice of Appeal of this Court's September 1, 2011 Order denying, in part, Defendants' motion to dismiss.  [Dkt. No. 37.]  Defendants also moved this Court to continue the Initial Scheduling Conference scheduled for September 20, 2011, and to stay all further proceedings, including discovery, pending resolution of the appeal on the grounds that the appeal divested this Court of jurisdiction over this action.  [Dkt. No. 38].  The motion states that Defendants will appeal this Court's denial of Defendants' sovereign immunity defense as a matter of right.[1]  Plaintiffs have taken no position on Defendants' motion, which is currently *sub judice*.

Defendants respond to the additional issues below subject to, and without waiver of, their argument that this Court lacks jurisdiction over this action and that all further proceedings should be stayed pending resolution of Defendants' appeal.

**(2)    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision.  The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court.

---

[1] The motion also states that Hungary intends to file a motion to certify certain issues within this Court's September 1, 2011, Memorandum and Order, such as the Court's denial of Hungary's *forum non conveniens* argument.  Plaintiffs have stated that they intend to oppose that motion.

2

> **(3)  Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

No.

> **(4)  Whether there is a realistic possibility of settling the case.**

No.

> **(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties have not engaged in any settlement discussions. Counsel have discussed ADR with their clients in connection with their response to this provision. Plaintiffs believe that this case could benefit from mediation. Defendants do not believe that this case could benefit from any form of alternative dispute resolution at this point.

> **(6)  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As noted above, Defendants have filed a Notice of Appeal of this Court's decision denying in part Defendants' motion to dismiss. In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court.

> **(7)  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any

3

mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court to set a date for the exchange of initial disclosures. The parties do not believe that initial disclosures should be dispensed with.

> **(8)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court. The parties do not presently anticipate a need for a protective order in this action.

> **(9)    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court. The parties do not presently believe that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified.

> **(10)   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court. The parties do not presently see a need for bifurcation.

**(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties agree that the pretrial conference date should be set by the Court after the close of discovery.

**(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that a trial date need not be set until the pretrial conference.

**(14)    Any issues about disclosure of discovery of electronically stored information, including the form or forms in which it should be produced.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court. The parties will preserve any electronically stored information pending appeal.

**(15)    Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these**

> **claims after production – whether to ask the court to include their agreement in an order.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court.

> **(16)   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

In light of Defendants' position that their Notice of Appeal divests this Court of jurisdiction over this action, the parties were unable to reach agreement concerning the above provision. The parties have agreed to confer again within 14 days of the issuance of any mandate by the United States Court of Appeals for the District of Columbia Circuit remanding the case for further proceedings in this Court.

Dated:  September 13, 2011                                                      Respectfully submitted,

| | |
|---|---|
| /s/ Michael D. Hays | /s/ D. Grayson Yeargin |
| Michael D. Hays (D.C. Bar No. 932418) | D. Grayson Yeargin (D.C. Bar No. 476324) |
| Daniel D. Prichard (D.C. Bar No. 476449) | David D. West (D.C. Bar No. 990695) |
| DOW LOHNES PLLC | NIXON PEABODY LLP |
| 1200 New Hampshire Avenue, N.W. | 401 Ninth Street NW |
| Washington, D.C.  20036 | Suite 900 |
| Tel:  (202) 776-2000 | Washington, DC 20004 |
| Fax:  (202) 776-2222 | Tel: (202)-585-8000 |
| mhays@dowlohnes.com | Fax: (202)-585-8080 |
| dprichard@dowlohnes.com | gyeargin@nixonpeabody.com |
| | dwest@nixonpeabody.com |

*Counsel For Plaintiffs*                                                 *Counsel for Defendants*

Of Counsel:                                                                       Of Counsel:

Michael S. Shuster (*pro hac vice*)                        Thaddeus J. Stauber (*pro hac vice*)
Sheron Korpus (*pro hac vice*)                             Sarah Erickson André (*pro hac vice*)
Alycia Regan Benenati (*pro hac vice*)               NIXON PEABODY LLP
KASOWITZ BENSON TORRES &               555 West Fifth Street
    FRIEDMAN LLP                                                Los Angeles, CA 90013
1633 Broadway                                                        Tel: (213) 629-6000
New York, New York 10019                                Fax: (213) 629-6001
Tel: (212) 506-1700                                                tstauber@nixonpeabody.com
Fax: (212) 506-1800                                               sandre@nixonpeabody.com
mshuster@kasowitz.com
skorpus@kasowitz.com
abenenati@kasowitz.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Joint Rule 16.3 Meet and Confer Report was served this 13th day of September, 2011, via the Court's electronic filing system on the following individuals:

D. Grayson Yeargin
David D. West
NIXON PEABODY LLP
401 Ninth Street NW
Suite 900
Washington, DC 20004
Tel: (202)-585-8000
Fax: (202)-585-8080
gyeargin@nixonpeabody.com
dwest@nixonpeabody.com

Thaddeus J. Stauber (*pro hac vice*)
Sarah Erickson André (*pro hac vice*)
NIXON PEABODY LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 629-6000
Fax: (213) 629-6001
tstauber@nixonpeabody.com
sandre@nixonpeabody.com

      /s/ *Michael D. Hays*
      Michael D. Hays