UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID L. DE CSEPEL, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 10-1261 (ESH) |
| REPUBLIC OF HUNGARY, *et al.*, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On September 1, 2011, the Court granted in part and denied in part defendants' motion to dismiss. (Order, Sept. 1, 2011 [Dkt. No. 34].) Before the Court is defendants' motion, pursuant to 28 U.S.C. § 1292(b), and plaintiffs' cross-motion to certify the Order for immediate appellate review. (Defs.' Mot. for Certification, Sept. 26, 2011 [Dkt. No. 43] ("Defs.' Mot."); Pls.' Alternative Cross-Mot. for Certification, Oct. 17, 2011 [Dkt. No. 45] ("Pls.' Cross-Mot.").) For the reasons stated herein, both motions will be granted.

### BACKGROUND

In this action, plaintiffs seek the return of numerous works of art taken from their family during the Holocaust. Defendants filed a motion to dismiss on multiple grounds, including lack of jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq*.[1] (Defs.' Motion to Dismiss, Feb. 15, 2011 [Dkt. No. 15].) The Court denied the motion,

---

[1] FSIA provides the exclusive basis for asserting jurisdiction over a foreign state in a United States court. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434–35 (1989). In enacting FSIA, Congress codified the "restrictive principle" of sovereign immunity. *Republic of Austria v. Altmann*, 541 U.S. 677, 691 (2004).

except as to plaintiffs' claims related to eleven works of art which were the subject of a judgment by the Hungarian courts. (Order at 1; *see also* Memorandum Opinion, *De Csepel v. Republic of Hungary*, 2011 WL 3855862 (D.D.C. Sept. 1, 2011) [Dkt. No. 33] ("Mem. Op.").) Defendants filed an immediate interlocutory appeal of the Court's ruling on sovereign immunity (Notice of Appeal, Sept. 12, 2011 [Dkt. No. 37]),[2] and all proceedings in this Court have been stayed pending resolution of that appeal. (Minute Order, Sept. 15, 2011.)

Defendants now move the Court to certify that the Order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).[3] According to defendants, each of the alternative grounds for dismissal put forth by defendants and rejected by this Court meets the § 1292(b) criteria for immediate appellate review. (Defs.' Mot. at 1-2.) Specifically, defendants seek certification based on the following issues: (1) whether the doctrine of forum non conveniens warrants dismissal; (2)

---

[2] "The denial of a motion to dismiss on the ground of sovereign immunity . . . is subject to interlocutory review" pursuant to 28 U.S.C. § 1291 under the "collateral order doctrine." *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123 (D.C. Cir. 2004) ("Under the collateral order doctrine, an order qualifies as 'final' under 28 U.S.C. § 1291 if it: '(1) conclusively determine[s] the disputed question, (2) resolve [s] an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.'" (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993))).

[3] Once a district judge makes this certification as to an order that is "not otherwise appealable," a party may seek leave to appeal from the Court of Appeals. 28 U.S.C. § 1292(b) ("The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order."); *see Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986) ("The decision whether to grant an interlocutory appeal from an *order* of a district court under § 1292(b) is within the discretion of the court of appeals.")

whether the District of Columbia's statute of limitations bars claims relating to the remaining artworks; (3) whether this case presents non-justiciable political questions; (4) whether plaintiffs' bailment claim states a viable cause of action; and (5) whether the act of state doctrine bars plaintiffs' claims. (Defs.' Mot. at 2; *see also* Mem. Op. at *14-24.) Plaintiffs oppose certification, but, if defendants' motion is granted, they cross-move for certification based on the following issue: "[w]hether the Court correctly applied the doctrine of international comity to decline jurisdiction over plaintiffs' claims as to the eleven artworks that were previously the subject of the Nierenberg litigation in Hungary." (Pls.' Cross-Mot. at 1; *see also* Mem. Op. at *24-25.)

**ANALYSIS**

Pursuant to 28 U.S.C. § 1292(b), there are three criteria that must be satisfied before a district court may certify an order for interlocutory appeal: "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion concerning the ruling exists; and (3) an immediate appeal would materially advance the litigation." *APCC Servs., Inc. v. Sprint Communication Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003); *see also Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986)); *Vila v. Inter-American Investment, Corp.*, 596 F. Supp. 2d 28, 30 (D.D.C. 2009). As explained below, the Court concludes that the all of the issues identified by the parties meet the § 1292(b) criteria.[4]

---

[4] Although both parties talk about certification of "issues" for appeal (Defs.' Mot. at 1; Pls.' Cross-Mot. at 1), the Court of Appeals' review is not limited to the issues this Court identifies as satisfying the § 1292(b) criteria. *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986) ("Section 1292(b) explicitly provides, however, that the appeal is from an *order* of the district court, not from the particular question that the district court found controlling. We are therefore called upon to decide an appeal, not a single question of law. Accordingly, we must decide all questions of law necessary to the proper disposition of [an]

I.       **CONTROLLING QUESTION OF LAW**

A "controlling question of law" is "one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources." *APCC Services, Inc.*, 297 F. Supp. 2d at 95-96. Controlling questions of law include those that would "terminate an action if the district court's order were reversed," as well as those that otherwise "may involve a procedural determination that may significantly impact the action." *Id.* at 96.

Each of these issues identified by the parties clearly involves a "controlling question of law" because if the Court decided any of them incorrectly, reversal would be required and, with the exception of the international comity question, the result would be that the complaint would be dismissed and the litigation terminated. *See, e.g.*, *Van Cauwenberghe v. Biard*, 486 U.S. 517, 530 (1988) ("Section 1292(b) . . . provides an avenue for review of forum non conveniens determinations in appropriate cases."); *Vila*, 596 F. Supp. 2d at 30 ("there is no dispute that a statute of limitations challenge raises a controlling question of law");[5] *see also Judicial Watch*, 233 F. Supp. 2d at 19 (citing *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) (a question of law can be controlling if it determines the outcome "or even the future course of the litigation")); *see also* 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3930 at 426 (1996) ("A steadily growing number of decisions . . . have

---

appeal.")

[5] A "controlling question of law" may require application of law to facts as long as there are no factual disputes that convert the legal questions into mixed question of law and fact. *See, e.g.*, *APCC Servs.*, 297 F. Supp. 2d at 96 n.8.

accepted the better view that a question is controlling . . . if interlocutory reversal might save time for the district court, and time and expense for the litigants."). Accordingly, the first criterium for § 1292(b) certification is satisfied.

## II.     SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

"A substantial ground for difference of opinion is often established by a dearth of precedent within the controlling jurisdiction and conflicting decisions in other circuits." *APCC Services, Inc.*, 297 F. Supp. 2d at 97 (citing *City Stores Co. v. Lerner Shops*, 410 F.2d 1010, 1011 (D.C. Cir. 1969)).  A substantial ground for dispute also exists where a court's challenged decision conflicts with decisions of several other courts.  *Id.* at 97-98; *see Pub. Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1549, 1556 (D.N.J. 1993).  As is apparent from this Court's Memorandum Opinion, the Court's rulings on the controlling questions of law are not dictated by precedent. *(See* Mem. Op. at *14-25.)  Indeed, the unique facts of the case make the absence of clear precedent unsurprising.  Thus, although the Court believes it reached the correct decision, it recognizes that there is a substantial ground for differences of opinion on each of the six controlling questions of law that are presented by the parties in their cross-motions.

## III.    MATERIALLY ADVANCE LITIGATION

The last issue is whether immediate appellate review would "materially advance the termination of the litigation." 28 U.S.C. § 1292(b).  There is no doubt that the "salutary objective of 'avoid[ing] piecemeal review' would be aided by allowing an immediate appeal of [the other issues decided in the Order], as the Court's ruling[] on the defendant[s]' [sovereign] immunity defense is currently before the [Court of Appeals]." *Vila*, 596 F. Supp. 2d at 30.  In addition, there is "no danger of obstructing or impeding this judicial proceeding . . . by granting

5

certification as [defendants'] appeal on immunity grounds divest[ed] this Court of jurisdiction over [] plaintiff[s'] [remaining] claims," *Vila*, 596 F. Supp. 2d at 31 (internal quotations omitted)), and, accordingly, proceedings in this Court have been stayed pending resolution of the appeal. Moreover, "allowing an . . . immediate appeal could assist in the resolution of this case" because if any of defendants' other defenses have merit, the Court of Appeals might be able to "economize on judicial resources and avoid resolving [defendants'] claims of immunity." *Id*. at 31. Finally, if the complaint is not dismissed by the Court of Appeals (on the ground of sovereign immunity or any of the alternative grounds for dismissal rejected by this Court), an immediate review of the Court's ruling dismissing certain claims on the ground of international comity would ensure that the litigation proceeds as one action. Accordingly, certification of the Order would materially advance this litigation.

## CONCLUSION

Accordingly, and for the reasons stated above, it is hereby

**ORDERED** that defendants' motion for certification of the September 1, 2011 Order [Dkt. No. for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [Dkt. No. 43] is **GRANTED**; it is further

**ORDERED** that plaintiffs' cross-motion for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) [Dkt. No. 45] is **GRANTED**; and it is further

**ORDERED** that the September 1, 2011 Order [Dkt. No. 34] is **AMENDED** to add the following statement:

And it is further

**ORDERED** that this Order [Dkt. No. 34] is certified for immediate appellate
review because it involves "a controlling question of law as to which there is

substantial ground for difference of opinion" and because "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

                                            /s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

DATE: November 30, 2011