**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

DAVID L. de CSEPEL, *et al.*,

        *Plaintiffs,*

v.

REPUBLIC OF HUNGARY, *et al.*,

        *Defendants*.

Civil Action No. 1:10-cv-01261-JDB

---

**UNITED STATES' ACKNOWLEDGMENT OF CONSTITUTIONAL**
**CHALLENGE AND NOTICE OF POTENTIAL PARTICIPATION**

The United States hereby acknowledges learning of the Notice of Constitutional Challenge, dated May, 18, 2026, filed by Defendants the Republic of Hungary, *et. al.*, in the United States Court of Appeals for the District of Columbia. *See* 24-7045, ECF No. 2173957. In that Notice, Defendants explained that their response to Plaintiffs Motion to Vacate the D.C. Circuit's Panel Decision and Remand challenges the constitutionality of the Holocaust Expropriated Art Recovery Act, as amended in 2025, *see* Pub. L. No. 119-82 & 22 U.S.C. § 2261 note (the "HEAR Act"). *Id.* We understand that while this matter has now been remanded to this Court, the question of the HEAR Act's constitutionality remains live. The most recent amendments to the HEAR Act reflect the latest in a decades long bipartisan "sense of Congress that 'all governments should undertake good faith efforts to facilitate the return of private and public property, such as works of art, to the rightful owners in cases where assets were confiscated from the claimant during the period of Nazi rule and there is reasonable proof that the claimant is the rightful owner.'" *See* Holocaust Expropriated Art Recovery Act of 2016 § 2(4), Pub. L. No. 114–308, 130 Stat. 1524 (2016) (quoting the Holocaust Victims Redress Act § 202, Pub. L. No. 105–158, 112 Stat. 15 (1998)).

1

The United States has a statutory right to intervene in any federal court action in which the constitutionality of an Act of Congress is "drawn into question." *See* 28 U.S.C. § 2403(a). This Court has not yet certified the constitutional question, *see* 28 U.S.C. § 2403; Fed. R. Civ. P. 5.1(b), but at a minimum, the United States has at least 60 days to intervene unless the court sets a later date. *See* Fed. R. Civ. P. 5.1(c).

Counsel for the United States respectfully advises the Court that, consistent with its usual approach, the United States is in the process of deciding whether to intervene in this action pursuant to Section 2304(a). The Solicitor General must approve intervention by the United States, *see* 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress"). Counsel for the United States require some additional time to familiarize themselves with the issues raised by the parties and because, among other things, the Notice recently came to the attention of the Department of Justice.

Therefore, the United States respectfully requests that the Court permit the United States to intervene within sixty days of the date of this Notice, *i.e.*, by October 6, 2026.

Dated: August 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

*/s/ Joshua N. Schopf*
JOSHUA N. SCHOPF
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 514-6314
joshua.n.schopf@usdoj.gov

*Counsel for the United States of America*