**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID L. de CSEPEL, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>REPUBLIC OF HUNGARY, *et al.*,<br><br>Defendants. | No. 1:10-cv-01261 (JDB) |

**JOINT PROPOSED SCHEDULE**

By Minute Order dated October 6, 2026, this Court granted the United States government's motion to intervene [261] and ordered the parties to meet and confer by not later than October 13, 2026, and to file a proposed schedule to govern further proceedings by not later than October 20, 2026. Counsel for the parties met and conferred on October 12, 2026. Pursuant to those discussions, the parties, by and through their undersigned counsel, hereby jointly propose the following briefing schedule for further proceedings before this Court:

1. By Order dated September 28, 2023 [239], this Court granted Defendants' amended motion to dismiss twenty-seven artworks for lack of subject matter jurisdiction under the United States Foreign Sovereign Immunities Act, 28 U.S.C. § 1605(a)(3) (the "FSIA") [215] and denied without prejudice Defendants' cross motion for summary adjudication on choice of law [211], Plaintiffs' cross-motion for summary adjudication on choice of law [212], Defendants' motion for partial summary judgment on the issue of international comity [225], and Defendants' motion for partial summary judgment based on the statute of limitations [227]. In

its accompanying Memorandum Opinion [240], the Court ordered the parties to file additional briefing on the last remaining artwork, a *Santa Barbara* sculpture.

2. By Order dated March 4, 2024 [243], this Court declined to dismiss Plaintiffs' claims to *Santa Barbara* but directed defendants to file a new motion setting forth "all arguments as to why the Court should deny relief for Plaintiffs on the Santa Barbara sculpture, including any further argument with respect to judicial estoppel, forum non conveniens, exhaustion, statute of limitations, or any other issues presented in Defendants' previous motions that the Court denied without prejudice." The Court entered judgment as to the other twenty-seven artworks it had previously dismissed [239].

3. Plaintiffs timely appealed the Court's Memorandum Opinion and Orders [239, 240, 243] to the United States Court of Appeals for the District of Columbia Circuit on March 29, 2024 [244].

4. On April 3, 2024, Defendants moved to dismiss or, in the alternative, for summary judgment with respect to *Santa Barbara* [246] as ordered by the Court.

5. By Memorandum Opinion [251] and Order [250] dated September 30, 2024, this Court granted Defendants' motion to dismiss Plaintiffs' claims to *Santa Barbara* for lack of subject matter jurisdiction under the FSIA and on the basis of *forum non conveniens* [251]. This Court denied Defendants' motion to dismiss Plaintiffs' claims to *Santa Barbara* on grounds of exhaustion and found that Plaintiffs' claims are not barred by any exhaustion requirement. This Court also denied Defendants' motion for partial summary judgment against Plaintiffs' claims to *Santa Barbara* on the ground of statute of limitations, declining to revisit its prior ruling that Plaintiffs' conversion claims qualify as timely under the Holocaust Expropriated Art Recovery

Act of 2016, Pub. L. No. 114-308, § 2, 130 Stat. 1524, 1525 (2016) (the "2016 HEAR Act") and finding genuine issues of material fact as to when Plaintiffs' bailment claims began to accrue.

6. On October 3, 2024, Plaintiffs timely appealed the Court's Memorandum Opinion and Order on *Santa Barbara* [250, 251] to the United States Court of Appeals for the District of Columbia Circuit [252].

7. By Order dated November 14, 2024, the Court of Appeals consolidated the two appeals for purposes of oral argument and decision.

8. By Opinion dated January 23, 2026 (the "Panel Opinion"), the Court of Appeals affirmed this Court's Orders dismissing all of the artworks for lack of subject matter jurisdiction under the FSIA.

9. Plaintiffs filed a timely Petition for Rehearing En Banc on February 23, 2026. While that Petition was pending, the Holocaust Expropriated Art Recovery Act of 2025, Pub. L. No. 119-82, 140 Stat. 752 (April 13, 2026) (the "2025 HEAR Act") became law.

10. On April 15, 2026, Plaintiffs moved to vacate the Panel Opinion in light of the 2025 HEAR Act.

11. By Order dated July 24, 2026, the Court of Appeals granted Plaintiffs' motion to vacate the panel decision as to twenty-six of the twenty-eight artworks and remanded the case to this Court for further proceedings in light of the 2025 HEAR Act.

12. The parties have agreed that, subject to the approval of this Court, they have until December 15, 2026, to file cross-motions regarding the constitutionality and application of the 2025 HEAR Act; the parties have until January 26, 2027, to file their respective responses; and the Court may set a hearing at its convenience. Pursuant to Local Rule 7(e), the parties'

respective memoranda of points and authorities in support of their cross-motions or their responses thereto, shall not exceed 45 pages each.

In connection with the above-referenced motions, Defendants anticipate requesting the Court to reconsider and rule upon the previously filed and fully briefed Cross-Motions for Summary Adjudication on Choice-of-Law [211, 212] and Defendants' Motion for Partial Summary Judgment on International Comity [225] that were denied without prejudice. Plaintiffs anticipate requesting the Court to reconsider its Orders [239, 250] dismissing Plaintiffs' claims to the twenty-six remaining artworks for lack of subject matter jurisdiction and dismissing Plaintiffs' claim to *Santa Barbara* on the basis of *forum non conveniens* in light of the intervening 2025 HEAR Act. Plaintiffs may also ask the Court to reconsider prior rulings dismissing certain other artworks on grounds of comity in light of the 2025 HEAR Act.

A proposed Order is attached.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Alycia Regan Benenati*
Sheron Korpus (*pro hac vice*)
Alycia Regan Benenati (*pro hac vice*)
CHOATE, HALL & STEWART LLP
1330 Avenue of the Americas, 23rd Floor
New York, NY 10019
t 646-663-7846
f 646-663-7846
skorpus@choate.com
abenenati@choate.com

***Counsel for Plaintiffs David L. de Csepel, Angela Maria Herzog, and Julia Alice Herzog***

*/s/ Aaron M. Brian*
Thaddeus J. Stauber
Aaron M. Brian
Zachary C. Osinski
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA 90071
Telephone: (213) 629-6076
Facsimile: (866) 231-3048
tstauber@nixonpeabody.com
abrian@nixonpeabody.com
zosinski@nixonpeabody.com

Adam Tarosky (D.C. Bar No. 983920)
NIXON PEABODY LLP
799 9th Street, NW, Suite 500
Washington, DC 20001-4501
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
atarosky@nixonpeabody.com

***Counsel for Defendants The Hungarian National Gallery, The Museum of Fine Arts, The Museum of Applied Arts, The Budapest University of Technology and Economics, and Magyar Nemzeti Vagyonkezelő Zrt.***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DAVID L. de CSEPEL, *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>REPUBLIC OF HUNGARY, *et al.*,<br><br>Defendants. | ) | No. 1:10-cv-01261 (JDB) |

**[PROPOSED] ORDER**

Upon consideration of the parties' Joint Proposed Schedule, IT IS HEREBY ORDERED that the parties have until December 15, 2026, to file cross-motions regarding the constitutionality and application of the Holocaust Expropriated Art Recovery Act of 2025, Pub. L. No. 119-82, 140 Stat. 752 (April 13, 2026); and the parties have until January 26, 2027, to file their respective responses.

**SO ORDERED** this _____ day of _____________, 2026.

_____________________________
John D. Bates
United States District Judge